CHARLES K. HARLAND

v.

HENRY B. EASTMAN.

*Filed at Ottawa May 15 and November 13, 1886.*

1. EJECTMENT—*proof of title—by possession, etc.* Proof of possession of land, under claim of ownership, is *prima facie* evidence of a fee simple title in the occupant so claiming to be owner.

2. In an action of ejectment, the plaintiff proved that A, as far back as 1855, was in possession of the premises, claiming as owner, and so continued up to his death, in 1873, and that his widow lived upon the same several years after his death, and showed deeds to himself from all the heirs of A: *Held*, that, in the absence of any countervailing evidence, this was sufficient to show title in the plaintiff.

3. SAME—*demand for possession—whether necessary.* A notice to quit, or demand for possession, which is the same thing in the meaning of the Ejectment act, is never required by that act when there is a want of privity between the parties to the suit with respect to the premises sought to be recovered. In other words, when the parties claim under independent hostile titles, demand of possession is not required.

4. Where the plaintiff in ejectment claims title by deeds from the heirs of a person having possession up to his death, claiming to own the premises, and the defendant seeks to show an outstanding paramount title in a third person derived through a sale of the premises for taxes, no demand of possession or·notice to quit need be shown by the plaintiff.

5. TAX TITLE—*excess in judgment, as affecting title—and what may be included in the judgment.* If the judgment against a lot for taxes is for a greater sum than the law authorizes, the sale thereunder and the deed will be void.

.6. Where the judgment includes interest compounded on penalties for forfeited taxes, and there is no personal appearance of the owner resisting, the judgment will be void, and no title will pass on a sale under it.

7. Costs accruing anterior to the judgment for taxes, enter into and form a part of it, but not those accruing afterwards. They can not be anticipated.

8. Where property is once forfeited for non-payment of taxes, it is proper to include, as a part of the amount due, all the costs incurred up to the time of such forfeiture; but this amount is to be added, in the next year, to the amount of the taxes for the current year. The forfeiture for each year should be for a single item, including current and back taxes, and single costs upon the whole, and not costs for each year's taxes.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ALLAN C. STORY, for the appellant:

Plaintiff claimed under the possessory title of Adams, who died in 1873. About three years before his death he abandoned the premises, leaving his wife in possession, claiming as owner adversely to him. In 1861, Adams was shown to have been in possession of and claiming to own this property. Proof of this possession and claim would make a *prima facie* case, had his possession never been disturbed, abandoned or transferred. But some years before 1873 he voluntarily abandoned and transferred that possession to his wife, and lived with his children. His wife being then in exclusive possession under claim of ownership, her claim was as strong as that of her husband, and, being more recent, is paramount to it,—that is to say, it overcomes plaintiff's proof of mere possession.

Plaintiff failed to prove any right of possession, even if he had title. If there was no conveyance from Adams to his wife, and his wife occupied the premises after his death as dowress, her possession was lawful, and so was that of any other person entering and holding under her; and upon the death of the dowress, there must be a demand of possession of any tenant who entered under her, before a recovery can be had. See Statute of Ejectment, sec. 4.

The deed of Adaline B. Pate, in view of the proof that she had been married, and the absence of proof that she had been divorced or that her husband had died,—the deed being executed by her alone,—should not have been admitted. Rev. Stat. 1874, chap. 68, sec. 9; chap. 30 secs. 9-11, 17-20, and 35; chap. 31, sec. 2; chap. 41, sec. 1; Sess. Laws 1869, p. 369; *Morrison* v. *Brown*, 83 Ill. 564; *Cole* v. *Van Rieper*, 20 id. 137; *Bressler* v. *Kent*, 61 id. 427; *Stiles* v. *Probst*, 69 id. 385; *Bennison* v. *Aiken*, 102 id. 288; *Parnett* v. *Kumph*, id.

427; *Lang* v. *Hitchcock*, 99 id. 552; *Rose* v. *Sanderson*, 38 id. 247; *Shortall* v. *Hinckley*, 31 id. 219; *Higgins* v. *Crosby*, 40 id. 260; *Noble* v. *McFarland*, 51 id. 226; *Morrison* v. *Norman*, 47 id. 477; *Kibbie* v. *Williams*, 58 id. 30; *Castner* v. *Walrod*, 83 id. 171; Potter's Dwarris, 189, *et seq.; Bute* v. *Kneale*, 110 Ill. 652.

The court erred in excluding the tax deed to Mrs. Bluhm. We cite the following authorities, each of which has some bearing on the validity of the tax title: *Garrick* v. *Chamberlin*, 97 Ill. 620; *Douw* v. *Rice*, 11 Wend. 180; *Taylor* v. *People*, 2 Gilm. 351; *Finch* v. *Link*, 46 Ill. 169; *Lyons* v. *People*, 68 id. 271; *Chandler* v. *Speer*, 22 Vt. 398; *Allen* v. *People*, 82 Ill. 612; *Gage* v. *Busse*, 94 id. 591; *Parmley* v. *Walker*, 102 id. 591; *Town of Woosung* v. *People*, id. 653; *Strawn* v. *Strawn*, 50 id. 256; *People* v. *Brislin*, 80 id. 423; *Lehmer* v. *People*, 80 id. 601; *Prout* v. *People*, 83 id. 154; *Andrews* v. *People*, id. 529; *People* v. *Smith*, 94 id. 229; *Gage* v. *Parker*, 103 id. 528; *Neff* v. *Smyth*, 111 id. 101; *Railway Co.* v. *People*, 83 id. 467; *Gage* v. *Bailey*, 102 id. 11; *Carnes* v. *People*, 73 id. 274; *Cemetery Co.* v. *People*, 92 id. 619; Wade on Law of Notice, secs. 709, 718, *et seq.*

Messrs. WILSON & MOORE, for the appellee:

Proof of prior possession under claim of ownership is sufficient to maintain a recovery in ejectment. *Keith* v. *Keith*, 104 Ill. 397; *DeWitt* v. *Bradbury*, 94 id. 446; *Barger* v. *Hobbs*, 67 id. 592.

It is claimed that a demand of possession was essential to a recovery. There is no proof as to how defendant came into possession of the property. He set up no claim or color of title, or that he had entered into possession under any party having any claim or color of title. No demand of possession was therefore necessary before bringing suit. *Prentice* v. *Wilson*, 14 Ill. 91; *Dean* v. *Comstock*, 32 id. 173.

Under chapter 68, section 9, of the Revised Statutes of 1874, Mrs. Pate could convey her title the same as if she were sole and unmarried. *Hogan* v. *Hogan,* 89 Ill. 427.

The court properly excluded the evidence of a tax title, for the reasons, first, the affidavit fails to show that the person in whose name the property was taxed was notified of the sale; second, the notice was given by the original purchaser long after he had parted with all interest in the certificate of sale; and third, the notice served did not state in whose name the property was taxed.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the third day of January, 1882, Henry B. Eastman commenced an action of ejectment, in the Superior Court of Cook county, against Charles K. Harland, to recover lot 45, block 47, school section addition to Chicago. The defendant filed the plea of "not guilty," and also a special plea, verified by affidavit, alleging that no demand for possession of the premises was made by plaintiff "at or before the beginning of the suit." There was a trial upon the merits, resulting in a judgment for the plaintiff, which, on appeal, was reversed by this court at its September term, 1883. (See *Harland* v. *Eastman,* 107 Ill. 535.) The cause, on being remanded, was tried again, resulting in a second judgment for plaintiff, to reverse which the present appeal is brought.

The judgment below is assailed on a number of grounds. It is contended, in the first place, that the evidence relied on by plaintiff to show title in himself is insufficient. We think otherwise. The evidence clearly shows he was in possession of the lot, claiming it as owner, as far back as 1855, and so continued until the time of his death, in 1873; that his widow, Mary B. Adams, who died in 1881, lived on the premises several years after his death. The proof of these facts, in the absence of anything to the contrary, was sufficient to show title in Adams' heirs, from whom plaintiff deduces title

through a succession of regular conveyances. The doctrine is well recognized, that proof of possession of land, under claim of ownership, is *prima facie* evidence of a fee simple title in the occupant so claiming to be owner. *Barger* v. *Hobbs*, 67 Ill. 592; *De Witt* v. *Bradbury*, 94 id. 446; *Keith* v. *Keith*, 104 id. 397.

It is objected, however, that under the special plea the plaintiff was bound to prove a demand for possession before suit brought. This position is not tenable. Under the facts disclosed by the record, no such demand was necessary. A notice to quit, or demand for possession, (which, in law, so far as this action is concerned, means the same thing,) is never required where there is a want of privity between the parties to the suit with respect to the premises sought to be recovered,—in other words, where the parties, respectively, claim under independent, hostile titles, the law of notice to quit, or demand of possession, has no application. *Gregg* v. *Van Pheel*, 68 U. S. 274; *Herrell* v. *Sizeland*, 81 Ill. 457; *Prentice* v. *Wilson*, 14 id. 93; *Dean* v. *Comstock*, 32 id. 173; Adams on Ejectment, (4th Am. ed.) 140, *et seq.* Here, the plaintiff, as we have just seen, claims through conveyances from the heirs of Abraham B. Adams, while the defendant seeks to show an outstanding paramount title in Mary F. C. Bluhm, derived through a sale of the premises for taxes. There was also a feeble attempt to show an outstanding title in the heirs at law of Mary B. Adams, but the evidence offered for that purpose is so manifestly insufficient that it does not admit of serious discussion.

With respect to the tax title of Mrs. Bluhm, two objections are urged against it: First, that the tax judgment relied on is for a greater amount than was due on the lot; and second, that the affidavit relied on to show a compliance with the provisions of the 216th section of the Revenue act, is insufficient. If either of these objections is well founded, it follows, as a matter of course, the tax deed is invalid.

Subsequently, on November 13, 1886, upon a rehearing of the cause, the following additional opinion was filed:

Per CURIAM: A rehearing having been ordered in this case, we have again considered the questions arising upon the record, and we adhere to so much of our former opinion as is here set out, and also to the conclusion formerly announced; but we prefer to rest our judgment on the first ground above stated,—that is, that the tax deed of appellant is void, because the judgment for taxes, pursuant to which was the sale by virtue of which the deed was executed, was for too large an amount.

We have held, that if any part of the tax for which the judgment is rendered is illegal, the judgment is void, and no title will pass at a sale under it. *Riverside Co.* v. *Howell*, 113 Ill. 256; *McLaughlin* v. *Thompson*, 55 id. 249.

It is plain, by reference to the record, that the amount of this judgment is, in part, composed of interest compounded on penalties for forfeited taxes. We do not deem it necessary to reproduce the figures, here, to demonstrate this; but the fact is obvious. Indeed, it is impossible to reach the exact sum of the judgment in any other way. But counsel contend, that by adding costs, in a mode pointed out by him, a greater sum than the amount of the judgment can be shown to be due. The difficulty with this position is, that the statute does not authorize the taxation of costs in that mode. Costs accruing anterior to the judgment, enter into and form a part of it; but it can not, when judgment is rendered, be anticipated that costs will subsequently accrue, because the delinquent tax-payer may redeem at any time after judgment, and before any additional costs are made.

When property is once forfeited, it is proper to include, as a part of the amount due, all the costs incurred up to that time; but this amount is to be added, in the next year, to the amount of the taxes for the current year. The language of the statute is, "the amount so charged shall be placed on

the tax books, collected and paid over in like manner as other taxes." (2 Starr & Curtis, page 2105, sec. 231.) And so, when the forfeited taxes for the year 1875 are added to the current taxes for the year 1876, or the forfeited taxes for the year 1876 are added to the current taxes for the year 1877, the forfeiture for each of those years is of a single item, including current and back taxes, and single costs upon the whole; and separate charges for costs for current and for back taxes are not chargeable in each succeeding year. It is not admissible to charge, for instance, on the taxes due in 1875, separate bills for costs in 1876 and in 1877, for in those years the taxes of 1875 are included with the current taxes for those years, respectively, and no additional costs are incurred thereby. And, also, it is not admissible to enlarge the amount of the back taxes for 1872, by now adding interest or costs which were not included in the judgment rendered. These observations, when applied to the calculations made by counsel for appellant, will show that they are wrong, and that the judgment for taxes can not be sustained in that way.

But it is again contended by counsel for appellant, that we have, in *People* v. *Smith*, 94 Ill. 226, sanctioned the compounding of interest in case of forfeited taxes, and this, it is further contended, is followed and approved in *Neff* v. *Smyth*, 111 Ill. 100. There was no question of compounding interest in *People* v. *Smith*. One year's interest on the tax due in 1877, and printer's fees, were added, and then, to the taxes due in 1878, one year's interest and printer's fees were also added. The interest, in each case, was simply on the taxes due for the current year. In *Neff* v. *Smyth*, the question was simply whether it vitiated the judgment to put the back taxes and the current taxes in a single item, as the amount of taxes due, and for which judgment was rendered,—and it was held that it did not. In neither of these cases is *People* v.

*Gale,* 93 Ill. 127, assumed to be overruled. In that case, the People contended that one year's interest should be computed upon the amount which the property owner would be required by law to pay to redeem the property from the taxes,—in other words, in ascertaining the amount for which judgment should be rendered, ten per cent interest should be computed not only on the amount of the tax due, but also upon the penalties which had accumulated each year. On the other hand, it was insisted that the interest should be limited to and computed only on the tax,—and we held that contention to be correct, and, among other things, then said: "We can not believe that interest was intended to be computed upon the penalties, or else different words would have been employed to convey the meaning." The facts that the back taxes, etc., are to be added to the current taxes, and may be included in a single item, do not render it necessary to compute interest upon the penalties, for the clerk has the amount of the current taxes, as well as the separate amounts of back or forfeited taxes, penalties, etc., before him when he makes up the tax books, and he can as readily compute interest upon the separate item or items upon which it is chargeable, before addition, as upon the aggregate amount after addition.

This case is not affected by the amendment to section 224 of the Revenue law, adopted May 31, 1879, however that amendment may affect judgments, sales and tax deeds subsequent to its passage.

The judgment is affirmed. *Judgment affirmed.*