EMMA J. GLOS

*v.*

JOHN S. HUEY.

*Opinion filed October 13, 1899.*

1. CLOUD ON TITLE—*what proof essential to maintain bill to remove cloud.* To maintain a bill to remove a cloud from the title to real estate, the owner must show either that he is in possession or that the property is vacant and unoccupied.

2. EVIDENCE—*mere deed without proof of possession does not prove title.* Proof of possession under claim of ownership is *prima facie* evidence of such ownership in the claimant so in possession, but a mere deed from a third person, without further proof as to possession or title, does not prove title.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

ENOCH J. PRICE, for appellant.

JOHN S. HUEY, *pro se.*

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee obtained a decree in the court below against Jacob Glos and the appellant, setting aside a certain tax deed to Jacob Glos, and a quit-claim deed from him to the appellant, as clouds upon the complainant's title.

The bill alleged that the complainant (appellee here) was the owner in fee of the property, and that it was vacant and unoccupied. These were material allegations, and, being denied by the answer of appellant, should have been proved. It does not appear from the evidence whether any person was in possession of the premises or whether they were vacant and unoccupied. To maintain a bill to remove a cloud from the title to real estate the owner must show either that he is in possession or that the property is vacant and unoccupied. (*Glos* v. *Randolph,* 133 Ill. 197; *Johnson* v. *Huling,* 127 id. 14.) The only proof to sustain complainant's allegation that he was the owner in fee of the property was a warranty deed from William H. Colvin. No proof was made that Colvin ever had any title to or was ever in possession of it. Proof of possession under claim of ownership is *prima facie* evidence of such ownership in the claimant so in possession, (*Harland* v. *Eastman,* 119 Ill. 22,) but a mere deed from a third person, without further proof as to possession or title, does not prove title. *Anderson* v. *McCormick,* 129 Ill. 308; Sedgwick & Wait on Trial of Title to Land, sec. 792.

The decree must be reversed and the cause remanded.

*Reversed and remanded.*