## JACOB GLOS

### *v.*

## WILLIAM MCKERLIE.

*Opinion filed December 22, 1904.*

1. TAX DEEDS—*when tax deed is invalid.* A tax deed is invalid where the clerk's certificate required by section 194 of the Revenue act was not made on the day fixed by the advertisement for the sale, but on an earlier day.

2. EVIDENCE—*when objections to copy of plat will not be considered.* Objections to the copy of a plat given in evidence for the sole purpose of showing the location of the lots will not be considered when made for the first time in the court of review.

3. SAME—*when tax deed need not be offered in evidence.* Failure of complainant in a bill to remove a tax deed as a cloud on title to introduce the deed in evidence is not fatal to the decree, where the bill specifically describes the deed, the date when recorded and its document number and charges the deed to be null and void, and the answer of the defendant is such as amounts to an admission of the existence of the deed as described in the bill.

4. CLOUD ON TITLE—*what sufficient proof of title in complainant.* In a proceeding to set aside a tax deed as a cloud upon title, proof that the complainant, at the time the bill was filed, was in possession of the property claiming in good faith to be the owner thereof under a deed purporting to convey the same to him, is sufficient proof of title.

5. SAME—*a decree should not cancel tax deed as to an interest not purported to be conveyed.* A decree setting aside a tax deed as a cloud upon complainant's title should not order cancellation of the tax deed as to rights, title and interest not purported to be conveyed by the deed under which complainant claims.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is an appeal from a decree of the superior court of Cook county, setting aside, as a cloud upon complainant's title, a tax deed to two lots and an adjoining court in the city of Chicago, which deed had been issued to appellant, Glos, by the county clerk of Cook county. The bill alleges that the complainant is the owner of the property and in posses-

sion thereof; that Jacob Glos, the appellant, claims title thereto by virtue of a tax deed issued to him by the county clerk of Cook county as the purchaser at a sale for taxes of 1894, but that said tax deed is void for the reason that the certificate of the county clerk, constituting the process and precept under which the sale was made, was dated July 10, 1895, and the sale was advertised to take place on August 5, 1895. By his answer Glos admitted that he had obtained some interest in the premises by virtue of tax sales and deeds issued thereunder, and alleged that the tax deeds through which he derived title are valid and regular and conveyed the fee simple title to him, and denied that McKerlie, the appellee, is the owner of, or in possession of, the property.

Appellee introduced in evidence a warranty deed to himself from Howard H. Gross and wife, conveying these lots, with others, together with all easements and ways appurtenant thereto, and providing with regard to such easements and ways, "reference being specially had to a private alley and court," as shown by a certain plat, which is described in the deed. He also introduced in evidence a copy of that plat, which is a plat of the subdivision in which the lots and court involved in this suit are located. This shows that immediately south of these lots, which lie side by side, is a space marked as a court, and leading south from this court to the street is an alley marked "private alley." From the evidence it appears that this alley and court are used by persons desiring access to the property abutting thereon and that the court, which is considerably wider than the alley, was made so that vehicles coming in through the alley could turn around in the court and pass out through the alley.

The evidence further shows that the complainant owns a building divided into flats on two other lots of the subdivision, but that neither of the lots on which his building is situated adjoins the lots which are involved in this suit. The complainant testified that after getting the deed from Gross, he laid a concrete pavement on part of the court; that there

was a barn on one of the lots in question, but no building or fences on the other, and that the latter was used by his family and tenants as a place on which to dry clothes from the wash, and that he used the alley and court in passing to and from his property.

The grounds urged for reversal are, (1) that the complainant failed to prove ownership of the premises; (2) that he did not prove that he was in possession; (3) that the copy of the plat was improperly admitted in evidence; and (4) that the existence of the tax deed was not shown, wherefore there was no proof that such deed constituted a cloud upon the title.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel.)

FRANKLIN P. SIMONS, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The tax deed involved in this suit is invalid, for the reason that the clerk's certificate, required by section 194 of chapter 120, Hurd's Revised Statutes of 1903, was made, not on the day fixed by the advertisement for the sale, but on an earlier day. *Glos* v. *Randolph,* 138 Ill. 268; *Glos* v. *Gleason,* 209 id. 517.

The appellee offered in evidence an examined and sworn copy of the plat referred to in the deed from Gross. This is now objected to on the ground that it does not show that the plat was ever properly approved by the city council of the city of Chicago, does not show that it was made by any surveyor, does not show that it was acknowledged by the owner of the subdivision or that it was recorded in the recorder's office of Cook county. The copy was offered for one purpose alone, viz., to show the location of the lots and of the court. None of the objections now urged were made at the time of its introduction, and it is therefore unnecessary to determine whether they would have been good had

they been made at that time. Had they been there pointed out, appellee would have had an opportunity to attempt to obviate them, had he desired to pursue that course.

It is also urged that the failure of appellee to offer in evidence the tax deed to appellant is fatal to the decree. The bill described the tax deed which is averred to be a cloud, giving its date, the date when it was recorded and the document number which it bears, and charges that it is null and void. The answer admits that the defendant has derived some interest in the premises by virtue of tax sales and deeds issued thereunder, denies that such deeds are null and void, and the answer then continues: "This defendant says that the tax deeds issued upon the premises or any part thereof described in said bill of complaint, and through or by which this defendant derives title, are in all respects valid and regular * * * and did convey the fee simple title of the premises therein described." In this state of the pleading, it was unnecessary to offer the tax deed in evidence. We think the answer amounted to an admission of the existence of the tax deed mentioned in the bill.

The appellee claims title under a deed from Howard H. Gross and wife to himself, dated July 1, 1901, and filed for record in the recorder's office of Cook county, Illinois, on August 15, 1901, which describes the property thereby conveyed as follows: "Lots 1, 2, 4 and 5 of H. H. Gross' subdivision, * * * together with all ways, lights, easements, rights and appurtenances to the said premises or any part thereof belonging or therewith now or heretofore held or enjoyed, reference being specially had to a private alley and court, as shown by a plat of H. H. Gross' said subdivision, * * * situated in the city of Chicago," etc. The bill avers that appellee is the owner, seized in fee simple of said lots "1 and 2 and private court south and adjoining same." The tax deed purports to convey the real estate last described, and the decree finds that appellee is the owner thereof, and adjudges that the tax deed be set aside as a cloud

upon his title. The private court in question is connected by a private alley leading south therefrom to Sixty-fifth street. That alley and court are enjoyed in common by appellee and by the owners of lots 6 and 7 in the same subdivision, both of which lots abut on the court. The evidence satisfies us that appellee was properly held to be in possession of lots 1 and 2 and in the enjoyment of an easement in the court; that is, he used the court for ingress and egress to and from his property in common with other persons owning property abutting on that court.

We have frequently held that in a suit to set aside a tax deed as a cloud upon the title, proof that the complainant, at the time the bill was filed was in possession of the property, claiming in good faith to be the owner thereof under a deed purporting to convey the same to him, is sufficient proof of title. (*Glos* v. *Randolph, supra; Glos* v. *Gleason, supra.*) But the deed to appellee in this case does not purport to convey to him the court in fee simple, nor does the evidence show that he has any possession thereof except such possession as is necessary to enjoy his easement therein. The decree is therefore erroneous in so far as it sets the tax deed aside as to any interest in the court except the interest therein which the deed from Gross to appellee purports to convey.

The decree of the superior court will be affirmed in so far as it affects lots 1 and 2 above mentioned, and in so far as it affects such right, title and interest in the court as the said deed from Gross and wife purports to convey to appellee. As to all right, title and interest in that court which the deed last mentioned does not purport to convey to appellee, the decree is reversed. Each party will be adjudged to pay one-half the costs of this court.

*Affirmed in part and reversed in part.*