JACOB GLOS *et al.*

*v.*

MARY R. GREINER.

*Opinion filed April 18, 1907.*

1. CLOUD ON TITLE—*allegations of ownership and possession and of the invalidity of defendant's title are material.* In a bill to cancel a tax deed as a cloud upon title, the allegations with respect to the complainant's ownership and possession and the invalidity of the tax deed are material and must be established by the proof, even though not denied by the answer.

2. SAME—*complainant must show an apparently good title.* A complainant in a bill to cancel a tax deed as a cloud upon title, while she need not trace title from the government, must establish an apparently good title, otherwise she is not entitled to complain that the tax deed is a cloud nor to ask to have it removed.

3. SAME—*when prima facie proof of title is overcome.* Prima facie proof of title in the complainant in a bill to cancel a tax deed as a cloud, which consists of a trust deed, foreclosure thereof and a sale resulting in a master's deed to the complainant, under which she took possession, is overcome by proof of a certified copy of a deed ante-dating the trust deed, by which the same grantors parted with all title to the property.

4. JUDICIAL NOTICE—*courts take judicial notice of their own officers.* A court of chancery will take judicial notice that the term

of office of a certain person as master in chancery has expired and that another person has been appointed as his successor.

5. APPEALS AND ERRORS—*when a decree must be reversed as a whole.* Where a decree canceling tax deeds as clouds upon the title of two or more lots merely finds a gross sum to be due for money paid at the tax sales and for taxes and assessments, a failure of the complainant to prove title to one of the lots requires a reversal of the decree as a whole.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel, and for Emma J. Glos.)

JOHN T. BOOZ, and ALFRED E. HOLT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 14, 1903, appellee filed a bill of complaint in the superior court of Cook county against appellants to set aside tax deeds of lots 43 and 66 in Isa A. Eberhart's subdivision of block 3 of James Webb's subdivision of a certain tract of land, and of lot 42 in block 3 of Eberhart & Ritchie's subdivision of another tract, both in Cook county, alleging that she was the owner in fee simple and in possession of said lots, and that the tax deeds were null and void because the precept under which the sale was held was not made on the day advertised for the sale. Appellants filed answers denying the allegations of the bill, and replications having been filed, the cause was heard by the court, and a decree was entered setting aside the tax deeds as clouds upon the title of appellee upon payment to the appellants of $71.55 for moneys paid at the tax sales and for taxes and assessments and interest thereon, and $3 costs. The decree found that said sums of money had been paid into court for the use of appellants, and thereupon the decree was made absolute, and this appeal was taken.

It was necessary for complainant to prove the material averments of her bill. They were denied by the answers, but whether denied or not, the burden rested upon her to establish the validity of her own title and also the invalidity of the defendants' title. (6 Am. & Eng. Ency. of Law,— 2d ed.—156.) The averments of ownership and possession and that the tax deeds were void were material, and complainant could only obtain the relief prayed for by proving them. (*Glos* v. *Huey,* 181 Ill. 149; *Glos* v. *Miller,* 213 id. 22.) Unless the complainant showed title in herself she could not be heard to complain that there was a cloud upon the title nor ask to have it removed. (*Hopkins* v. *Granger,* 52 Ill. 504; *Emery* v. *Cochran,* 82 id. 65.) Complainant proved the averments of her bill establishing the invalidity of defendants' title, and also proved that before the bill was filed she took possession of the lots and fenced them with a post-and-wire fence, which was still sufficient to enclose them although some of the posts had disappeared, and probably some of the wires, at the time of the hearing. To prove title in herself she offered in evidence a trust deed from Isa A. Eberhart and wife to Robert H. Smith, trustee, dated October 12, 1894, and recorded October 17, 1894, purporting to convey said lots as security for the payment of a note for $1025 and interest, payable October 12, 1896. She also offered in evidence the records, files and proceedings for foreclosure of said trust deed, resulting in a sale and a master's deed to her, dated July 27, 1901, and recorded September 18, 1901. As against the alleged clouds, the evidence of possession under the deed purporting to convey the lots was sufficient *prima facie* evidence of title. (*Glos* v. *McKerlie,* 212 Ill. 632.) To meet the *prima facie* case the defendants offered in evidence a certified copy of a deed from Isa A. Eberhart and Melissa J. Eberhart, his wife, to Noble M. Eberhart, of said lot 43, dated April 21, 1891, and recorded July 28, 1891. This deed ante-dated the trust deed of October 12, 1894, under which complainant claimed, and

it thereby appeared that the grantors in the trust deed divested themselves of whatever title they had prior to the making of the trust deed, and that such trust deed and the proceedings to foreclose it, and the master's deed, did not convey any title to complainant. While it was not necessary for complainant to trace title from the government for the purpose of removing clouds from the title, it was necessary to show a title apparently good, and this was not done, since the *prima facie* proof of title was overcome.

Counsel say that Noble M. Eberhart may have re-conveyed lot 43 to Isa A. Eberhart before the execution of the trust deed, and that is true, but there is no presumption of law that such a conveyance was made. From the evidence in the record it appears that the grantors in the trust deed had no title to lot 43 when the trust deed was made.

It is contended that the decree was erroneous for want of proof that Granville W. Browning was master in chancery of the superior court, and, as such, successor to John T. Noyes, the master who made the sale. Courts take judicial notice of their own officers, (*Thompson* v. *Haskell,* 21 Ill. 214,) and the superior court would take notice that the term of office of John T. Noyes had expired and that Granville W. Browning had been appointed his successor.

The complainant having failed to prove title to lot 43 the decree was erroneous as to that lot, and the record is not in such condition as to enable us to affirm the decree as to the other lots. A gross sum was found to be due the defendants for moneys paid at the tax sales and for taxes and assessments, and the decree must therefore be reversed as a whole.

The decree is reversed and the cause remanded.

*Reversed and remanded.*