NATHAN JUDSON, Appellee, vs. JACOB GLOS et al.
Appellants.

*Opinion filed February 25, 1911.*

1. CLOUD ON TITLE—*what is sufficient prima facie proof of title.*
The complainant in a bill to set aside a tax deed as a cloud upon
his title must aver and prove title to the premises in himself; but
such ownership may be established by proof that at the time of
the filing of the bill he was in actual possession of the property,
claiming in good faith to be the owner thereof, under deeds' pur-
porting to convey the same to him.

2. SAME—*what is sufficient prima facie evidence of possession.*
Testimony by complainant that he had been familiar with the lots
described in his bill for many years while they were vacant; that
when he constructed the fence around them he located the corners
and lines by measuring from the corner of the block, using a two-
foot rule and a stick ten feet long, in connection with the plat that
had been made when the property was subdivided and which he
had compared with the records of the recorder's office, is sufficient
*prima facie* proof that the lots enclosed by him were the ones de-
scribed in the bill, as the location of a town lot may be fixed by a
witness from hearsay or common repute.

3. TAX DEEDS—*the clerk's certificate to delinquent list should be
made on the day advertised for the sale.* The statute requiring the
county clerk to make a certificate authorizing the collector to sell
delinquent lands contemplates that the certificate shall be made on
the day the sale is advertised to take place, and a certificate made
at any time other than the day advertised for the sale is void.

4. SAME—*holder of a void tax deed can convey no title.* The
holder of a void tax deed can convey no title by a deed of trust,
and if the trust deed is not connected with any other source of title
and no ·possession is shown thereunder it is wholly void, and is
properly set aside in accordance with the prayer in a bill to set
aside the tax deed and deed of trust as clouds upon the legal title,
which is established by the evidence.

APPEAL from the Circuit Court of Cook county; the
Hon. E. M. MANGAN, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

DAVID G. ROBERTSON, for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Nathan Judson filed a bill in the circuit court of Cook county against Jacob Glos, Emma J. Glos, his wife, and August A. Timke, to cancel a tax deed as a cloud upon his title to lots 36, 37, 38, 39 and 40, in block 58, in the city of Chicago, in a certain subdivision known as University subdivision, which is properly described in the bill. The bill alleges that Judson was the owner and in possession of the premises at the time the bill was filed, and charges that a tax deed issued to Jacob Glos on October 25, 1902, is void because there was no valid precept or process for the sale of said premises for delinquent taxes, and alleges that Jacob Glos executed a trust deed conveying said premises to August A. Timke, which was also void and conveyed no title because the tax deed upon which it was based was void. Emma J. Glos, being the wife of Jacob Glos, was made a party for the purpose of barring any interest or claim that she might hereafter set up to said premises. By his bill the complainant offered to reimburse the holders of the tax title interest whatever amount they might be entitled to, and asked that the tax deed and trust deed be set aside as clouds upon the title of complainant. The defendants filed answers to the bill, denying all of its material allegations and demanding strict proof. The cause was referred to a master to take the evidence and report his findings. The complainant offered in evidence a warranty deed from David R. De-Wolf and wife, dated October 7, 1890, conveying the said premises to James B. Judson, of Lansing, Michigan, which was filed for record on October 21, 1890, and a quit-claim deed from James B. Judson and wife conveying said premises to Nathan Judson, the complainant. The quit-claim deed was dated November 5, 1902. The complainant below offered in evidence a duly certified copy of the process on which the tax deed was issued, which was signed by

Philip Knopf, county clerk of Cook county, July 31, 1899, which was issued in pursuance of a special assessment warrant. Said document showed that the sale opened on August 7, 1899. Nathan Judson testified that after receiving the quit-claim deed he took possession of the lots in question and fenced them with cedar posts and wire some time in the month of October, 1907. The defendants offered no testimony. The master found that the allegations of the bill had been proved, and recommended a decree in accordance with the prayer thereof upon the payment to Jacob Glos of $34 to reimburse him for the money paid out for the tax deed. The cause was heard before the court upon exceptions to the master's report, all of which were overruled and a decree was entered in accordance with the master's recommendation. The defendants below have brought the record to this court and rely upon two assignments of error: (1) That the evidence fails to show that appellee was the owner of the premises described in the bill; (2) that the evidence fails to show that there was any invalidity or defect in the tax deed to Jacob Glos.

It is established by numerous decisions of this court that a party, to maintain a bill in equity to set aside a tax sale, must aver and prove title to the premises in himself. (*Gage* v. *Parker,* 103 Ill. 528; *Walker* v. *Converse,* 148 id. 622; *Hewes* v. *Glos,* 170 id. 436; *Glos* v. *Kenealy,* 220 id. 540.) But such ownership may be established by proof that at the time of filing the bill the complainant was in the actual possession of the property, claiming in good faith to be the owner thereof, under deeds purporting to convey the same to him. *Glos* v. *McKerlie,* 212 Ill. 632; *Glos* v. *Ault,* 221 id. 562; *McCraney* v. *Glos,* 222 id. 628.

Appellants do not controvert the above proposition of law, but they contend that the evidence does not clearly and satisfactorily connect the acts of possession with the particular lots described in the deeds, and that there was for this reason a failure to prove possession of the same prem-

ises that are embraced within the deeds under which appellee claims title. Appellee testified that he had been familiar with the lots in question since the year 1890, and from that time until he constructed the fence around them they were vacant and unoccupied; that when he went to construct the fence in question he located the corners and lines by taking measurements from the corner of the block in which they were located; that he had a two-foot rule with which he measured a longer stick about ten feet in length, which he used in connection with the plat which had been made at the time the property was subdivided and which he had compared with the records in the recorder's office in the city hall, and from these and other land-marks he located the boundaries of the lots and personally gave directions as to where the posts should be set, to the man who assisted him in building the fence. There was no evidence whatever introduced by appellants tending to show that appellee did not correctly locate the lots in question and enclose the same at the time he took possession thereof. This evidence was held by the court below to be sufficient to show *prima facie* the identity of the premises enclosed with those embraced in the deeds, and we think such holding is correct. The location of a town lot may be fixed by the witness from hearsay or common repute, independent of any plat. *Boardman* v. *Lessees,* 6 Pet. 341; *Holbrook* v. *Debo,* 99 Ill. 372.

It is next contended by appellants that the evidence did not show that the tax deed was void. The certificate of the county clerk to the delinquent list, which is the process upon which the lots were sold, shows that the certificate was dated July 31, 1899, while the record shows that the tax sale in question occurred November 9, 1899. The statute which authorizes the county clerk to issue a certificate authorizing the collector to sell lands that are delinquent contemplates that the certificate shall be made on the day the sale is advertised to take place, and this court has held in a number of cases that a certificate made at any time

other than the day advertised for the sale is void. *Kepley
v. Fouke,* 187 Ill. 162; *Glos* v. *Gleason,* 209 id. 517; *Glos*
v. *Hanford,* 212 id. 261; *Glos* v. *Ault, supra.*

There were some other objections to the validity of the
tax sale, but the one already pointed out is sufficient to
warrant the conclusion of the court below that the tax deed
was void. The tax deed being invalid, the conveyance to
August A. Timke, as trustee, not being connected with any
other source of title and no possession being shown there-
under, is wholly void. Glos having no title in himself could
convey none to Timke. *McCraney* v. *Glos, supra.*

There are no other reasons urged for the reversal of
this decree. The decree below was in accordance with the
law and the evidence, and it will accordingly be affirmed.

*Decree affirmed.*