WILLIAM McGOWAN *et al.* Appellees, *vs.* JACOB GLOS,
Appellant.

*Opinion filed April 19, 1913.*

1. CLOUD ON TITLE—*complainant must aver and prove title in
himself.* Before a complainant is entitled to a decree setting aside
a tax deed as a cloud he must aver and prove title in himself, and
while it is not necessary to prove title with the same strictness as
in ejectment, yet the proof must at least establish *prima facie* title.

2. SAME—*what proof does not establish a prima facie title.*
Where premises are vacant and unoccupied, mere proof of a war-
ranty deed to the premises to the complainants in a bill to remove
a cloud, together with proof that the complainants paid the con-
sideration named and have paid certain taxes and special assess-
ments on the property, does not establish a *prima facie* title in the
complainants without further proof of title in their grantor or of
possession by complainants or their grantor. (*Gage* v. *Parker,* 103
Ill. 528, criticised.)

APPEAL from the Circuit Court of Cook county; the
Hon. JOHN GIBBONS, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

WILLIAM A. ADAMS, (VICTOR C. WINNEN, of coun-
sel,) for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellees, William McGowan and James Sweeney, filed
their bill of complaint in the circuit court of Cook county
against Jacob Glos and Robert M. Sweitzer, alleging that
appellees were the owners of certain real estate in Cook
county, and that said premises were vacant, unimproved
and unoccupied; that on certain dates therein mentioned
said premises were sold at tax sales to the appellant, Jacob
Glos, and that certificates of sale were issued to him; that
the time to redeem from said tax sales expired before ap-
pellees learned that the premises had been sold for taxes;
that by reason of said tax sales and certificates Glos claims

some title or interest in the premises, and has made, and will make, application for a tax deed based upon said sales and certificates; that no tax deed has yet been filed for record and that complainants are not advised whether any such deed has yet been issued; that for various reasons mentioned in the bill said certificates, and any tax deeds that have been issued or that may be issued to Glos, are void and of no effect and constitute a cloud upon appellees' title. The bill offers to reimburse Glos, and prays that the certificates of sale be set aside and declared void as clouds upon appellees' title. Glos filed an answer denying that the complainants were the owners or in possession of the premises or that they had any interest in the same, and denying, generally, all the other allegations of the bill. A hearing before the chancellor resulted in a decree finding that the tax sales to Glos, and the certificates issued thereon, were void, and setting aside and canceling as clouds upon appellees' title certain deeds which had been issued upon the certificates of sale to Glos since the commencement of this suit. From that decree Glos has prosecuted this appeal.

Appellant assigns various grounds for reversal, but it will only be necessary to consider one of them, viz., that appellees failed to prove title to the premises in controversy. In *Judson* v. *Glos,* 249 Ill. 82, we said: "It is established by numerous decisions of this court that a party, to maintain a bill in equity to set aside a tax sale, must aver and prove title to the premises in himself." And in *Glos* v. *Greiner,* 226 Ill. 546, we said: "Unless the complainant showed title in herself she could not be heard to complain that there was a cloud upon the title nor ask to have it removed." The evidence offered by appellees to prove title in themselves consisted of a warranty deed from John W. MacFarlane and wife, purporting, for a consideration of $1500, to convey the premises in question to appellees, the testimony of Sweeney that he and McGowan

paid $1500 therefor, and the testimony of appellees, and certain tax receipts offered by them, showing that they had paid certain taxes and assessments upon the property since 1890. It was not shown that appellees or their grantors had ever been in possession of the premises, and appellees testified that the premises were vacant. This evidence was not sufficient to establish *prima facie* title in appellees. While we have uniformly held that the complainant in a suit to set aside a tax deed is not required to prove title with the same strictness as in an action of ejectment, and that proof that the complainant, at the time the bill was filed, was in possession of the property claiming in good faith to be the owner thereof under a deed conveying the same to him is sufficient proof of title, (*Towle v. Quante,* 246 Ill. 568, and authorities there cited,) we have also held in numerous cases that a deed from a third person to the complainant, without proof of possession by complainant or his grantor or further proof of title in such grantor, is not sufficient to establish a *prima facie* title. *Hewes* v. *Glos,* 170 Ill. 436; *Glos* v. *Huey,* 181 id. 149; *Glos* v. *Miller,* 213 id. 22; *Metropolitan Elevated Railway Co.* v. *Eschner,* 232 id. 210; *Bauer* v. *Glos,* 236 id. 450; *Ruppe* v. *Glos,* 243 id. 414.

Appellees contend, however, that in addition to offering the deed under which they claim title they proved that they paid $1500 of their own money for the deed and for several years paid taxes assessed against the premises, and they rely upon the case of *Gage* v. *Parker,* 103 Ill. 528, in support of their contention that this proof established a *prima facie* title in them. So far as the case relied upon by appellees holds that where it is alleged in the bill and denied in the answer that complainant owns the premises, the introduction of a deed to complainant for the premises, together with evidence that the complainant "purchased the property originally with his own money" from the grantor named in the deed, may be regarded as sufficient proof of

title in the complainant, it is manifestly in conflict with an otherwise unbroken line of decisions by this court, some of which are above cited, and cannot be followed in determining what proof is required to establish a *prima facie* title. So far as making a *prima facie* case is concerned, the testimony of the grantee that he paid the consideration mentioned in the deed adds nothing to the proof made by the introduction of the deed itself, as the recital in the deed of the payment of the consideration is *prima facie* evidence that the consideration therein named has been paid by the grantee to the grantor. (*Ayres* v. *McConnel,* 15 Ill. 230; *Stone* v. *Duvall,* 77 id. 475; *Kerfoot* v. *Cronin,* 105 id. 609.) It necessarily follows that if a deed, alone, in such a case is not sufficient to establish a *prima facie* title, the deed, together with testimony of the grantee that he paid the consideration mentioned in the deed, is not sufficient to establish a *prima facie* title.

Neither does the fact that appellees paid certain taxes and assessments supply the deficiency in the evidence. The same proof was made in *Glos* v. *Miller, supra,* and in *Ruppe* v. *Glos, supra,* but we held that the introduction of a deed, together with proof of the payment of taxes, would not establish a *prima facie* title.

As appellees failed to establish title in themselves they were not entitled to a decree setting aside the tax sales to Glos and canceling the tax deeds as clouds upon their title. When the cause is again heard in the circuit court the parties may submit such further competent proof as they may desire.

The decree of the circuit court is reversed and the cause remanded.                    *Reversed and remanded.*