Barbara J. Shapiro, Appellee, v. Harry Kartsonis, Trust Company of Chicago, Trustee, Defendants. Appeal of Trust Company of Chicago, Trustee, Appellant.

Gen. No. 43,964.

O'CONNOR, P. J., specially concurring.

Opinion filed February 3, 1947. Released for publication February 17, 1947.

NATHAN WOLFBERG, of Chicago, for appellant.

HARRY A. BIOSSAT, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

From a decree of foreclosure of a trust deed securing a principal note and interest notes, defendant trust company, as trustee, appeals.

November 5, 1926, Harry Kartsonis, Tom Kartsonis, James B. Vitus and Gust Vitus executed their note for $5,400 and a trust deed of the same date to secure the payment. The original note contained a provision that in the event of default in payment of any of the instalments of interest, and such default shall continue for 30 days, at the election of the "legal holder or holders thereof" the principal sum, together with accrued interest, shall at once become due and payable. The trust deed had the same provision in the event of a breach of any of the covenants and agreements in

said trust deed. The trust deed is dated November 5, 1926, but the date of acknowledgment is November 4, 1926. On November 7, 1930, an extension agreement signed by Daniel J. Hogan, described as the legal owner and holder of the promissory note, extended the payment of the balance of the principal of said note, amounting to $3,000, for 5 years, from November 5, 1930. The extension agreement contained this provision: " . . . in case of default in the payment of any one of said interest payments, and in case of a failure to keep and perform any one of the covenants and agreements in said note and trust deed contained, this agreement shall at once become null and void at the option of said party of the first part, and said note of Five Thousand Four Hundred ($5400) Dollars on which the unpaid balance is $3,000 shall at once become due and payable." The extension agreement was signed by one of the original makers, J. B. Vitus.

On June 2, 1945, this bill to foreclose was filed. The answer of the defendant trust company among other things alleged upon information and belief that on June 30, 1932, the said interest payments on the said note, as extended, being then and there in default, the "then holder" of the said note "accelerated" the maturity thereof and, therefore, the action by plaintiff was barred by the statute of limitations. It alleged that the trust deed was acknowledged on November 4, 1926, and not November 5, as alleged in plaintiff's complaint.

The cause was referred to a master, who heard the evidence and recommended a decree in favor of complainant for the amount claimed. No evidence was offered or received on the part of the defendants. The testimony for plaintiff was to the effect that the trust deed was acknowledged on November 5, although the date in the acknowledgement is November 4. The trust deed was then offered and received in evidence without objection. Objections to the master's report were

filed by defendant trust company and overruled and allowed to stand as exceptions. One of the objections was that the trust deed had not been proved by competent evidence; another, that there was no competent evidence to prove the trust deed was acknowledged, and the objection that the master should have concluded that the lien of the trust deed, if there was any, was barred by the statute of limitations prior to the filing of the suit. The court overruled the exceptions, and a decree was entered confirming the master's report.

There are two errors assigned here for a reversal of the decree; one, that because of the defective acknowledgment, it had not been properly proved and could not be received in evidence, under the statute, the defect in the acknowledgment being that the date of the acknowledgment is one day earlier than the date of the execution. There is no merit in this contention. There was sufficient proof that the acknowledgment was actually had on the fifth day of November instead of the fourth, and there was no objection made at the time to the receipt of the trust deed in evidence. *Fowler v. Chicago Rys. Co.*, 207 Ill. App. 430; *Baltimore & O. S. W. R. Co. v. Brubaker*, 217 Ill. 462; *Glos v. McKerlie*, 212 Ill. 632.

The other contention is that of the statute of limitations. In this connection it is urged that since the answer alleged that on June 30, 1932, the said interest payments on the said note, as extended, being then and there in default, the "then holder" of the said note "accelerated" the maturity thereof, and there being no reply filed to this answer under the Civil Practice Act, § 40, par. 2 (Ill. Rev. Stat. 1945, ch. 110, par. 164 [Jones Ill. Stats. Ann. 104.040, subpar. 2]) the answer shall be deemed to be admitted.

There are two reasons why this contention has no merit. First, because the defense of the statute of limitations is an affirmative defense. Section 43, sub-

par. 4 [Ill. Rev. Stat. 1945, ch. 110, par. 167, subpar. 4; Jones Ill. Stats. Ann. 104.043, subpar. 4], of the Practice Act provides:

"The facts constituting any affirmative defense, such as payment, release, . . . or cannot be recovered upon by reason of any statute . . . and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the plaintiff's complaint, . . . must be plainly set forth in the answer or reply."

The mere allegation in the answer that the "then holder" of said note accelerated the maturity thereof is not a compliance with the statute, in that it sets up no facts. The allegation in the answer in the light of this statute must be deemed a mere conclusion. Second, because the extension agreement, already referred to, limits the right to declare the entire indebtedness due in case of default to the maker of the extension agreement, who is described as the "legal owner and holder" of said note and trust deed. The allegation in the answer, alleging that the "then holder" accelerated the maturity, does not bring it within the terms of the extension agreement, permitting the "legal owner and holder" to accelerate the maturity. The defendant, to avail itself of the defense of limitations, must set up facts which would show that one authorized by the terms of the contract accelerated the maturity. To allege in the answer the "then holder" instead of the "legal owner and holder" is an attempt to enlarge upon the language of the extension agreement.

In construing provisions of this character in notes and trust deeds, it has been held that under an instrument providing that only the "holders" of the note can declare the entire indebtedness due, if there is more than one holder, a unanimous exercise of the option is required, and anything short of that is ineffective. 10 Corpus Juris Secundum, p. 751; *Diversified Fruit*

*Farms v. Johnson* (Tex. Com. App.), 58 S. W. (2d) 73.

The decree of the superior court is correct, and it is accordingly affirmed.

*Affirmed.*

NIEMEYER, J., concurs.

O'CONNOR, P. J., specially concurring. I agree with the result but not in all that is said in the opinion.