## ASAHEL GAGE

### v.

## JERE ABBOTT.

*Filed at Ottawa June 20, 1881.*

1. CHANCERY—*bill to remove cloud.* Since the enactment of the statute of 1869, there are only two cases in which a party may file a bill to quiet title or remove a cloud from the title to real property : first, where he is in possession of the lands; and, second, where he claims to be the owner, and the lands in controversy are unimproved and unoccupied. If they are improved and occupied by the adverse party, this remedy does not apply, but the party must resort to ejectment.

2. A bill to quiet title or remove a cloud from the title to land, which fails to show that the complainant is in possession, or that the premises are unimproved and unoccupied, is bad on demurrer, as not showing a case for equitable relief.

APPEAL from the Circuit Court of Cook county; the Hon. W. H. BARNUM, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant :

Ejectment is the proper mode of trying title to real estate. *Hamilton* v. *Quimby*, 46 Ill. 90.

At common law, one out of possession could not maintain a bill to remove a cloud from real estate. This rule of common law is in force in Illinois, except so far as it is modified by the statute. By legislative enactment, the rule is sought to be enlarged so as to include the owner of unimproved and unoccupied real estate. Sec. 49, chap. 22, Rev. Stat. 1874; *Harding* v. *Jones*, 86 Ill. 313.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Under the old chancery practice, to maintain a bill to remove a cloud from a title it was essential the complainant should be in, and the party against whom the bill was filed

out of, possession. *Reed* v. *Tyler*, 56 Ill. 288; *Barnett* v. *Cline*, 60 id. 205 ; *Reed* v. *Reber*, 62 id. 240; *Lee* v. *Ruggles*, id. 427. ·

But this is changed by the act of 1869, which allows such a bill to be filed "whether the lands in controversy are improved or occupied, or unimproved and unoccupied." Rev. Stat. 1874, p. 204, § 50.

Since that enactment we have held, there are only two cases, under our law, in which a party may file a bill to quiet title or to remove a cloud from the title to real property: first, where he is in possession of the lands; and, second, where he claims to be the owner, and the lands in controversy are unimproved and unoccupied. *Hardin et al.* v. *Jones*, 86 Ill. 313.

In cases, therefore, where the lands are improved, and occupied by the adverse party, this remedy does not apply. In such case the remedy would be by ejectment. *Hamilton* v. *Quimby*, 46 Ill. 90.

For aught that appears in the bill before us, that may be the case here.

The bill should have affirmatively shown a case authorizing the aid of a court of equity, and, on familiar rules of chancery pleading, not having done so, the demurrer should have been sustained to the bill, and it was error to overrule it.

The decree is reversed and the cause remanded.

*Decree reversed.*