JACOB GLOS *et al.*

*v.*

JERRY KENEALY.

*Opinion filed February 21, 1906—Rehearing denied April 11, 1906.*

CLOUD ON TITLE—*when bill to remove cloud cannot be maintained.* The holder of a certificate of purchase at a foreclosure sale cannot maintain a bill for the sole purpose of setting aside a tax deed as a cloud on title to the premises which are not in his possession nor vacant and unoccupied. (*Miller* v. *Cook,* 135 Ill. 190, distinguished.)

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

JACOB GLOS, *pro se.*

JOHN R. O'CONNOR, for appellant Emma J. Glos.

H. M. MATTHEWS, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Jerry Kenealy, the appellee, is the holder of a master's certificate of purchase, issued on September 12, 1904, to him as purchaser at a foreclosure sale of a certain lot in the city of Chicago. He was also the owner of the note secured by the trust deed which was foreclosed. His bid at the sale was $231.82 less than the amount due him under the decree of foreclosure, and a receiver was appointed by the court in the foreclosure proceeding to take charge of the property and apply the net income arising therefrom toward paying this deficiency.

Kenealy filed a bill in the superior court of Cook county, on December 14, 1904, setting up the facts above stated, and alleging that on September 17, 1904, Jacob Glos filed for record in the recorder's office of Cook county a deed exe-

cuted by the county clerk of Cook county, purporting to convey the said lot to him as purchaser at a sale in 1901 for delinquent taxes; that the deed is void on account of the failure of Glos to give certain notices required by the statute, and that the record thereof constitutes a cloud upon the title to said lot. The prayer of the bill was, that upon payment to Glos of the money expended by him on account of said lot, "said tax deed may be decreed to be void and the record thereof declared to be a cloud upon the rightful title to said premises and a cloud upon your orator's rights therein, and that said tax deed may be set aside and held to be of no effect." Jacob Glos and Emma J. Glos were made defendants. The latter filed a demurrer to the bill, which was overruled, and she thereupon elected to stand by her demurrer. Jacob Glos demurred to the bill, and, after his demurrer was overruled, filed an answer. The complainant replied to the answer, and a hearing was had before the court. A decree was rendered finding the facts as alleged by the bill and granting the relief sought thereby. The two defendants have brought the record of the superior court here by appeal.

Appellants deny the right of Kenealy to maintain this suit for the reason that he has no title to the lot, and for the further reason that the property is neither in his possession nor vacant and unoccupied. The only relief sought by the bill is, in fact, the removal of a cloud from the title to the lot in question.

It has been frequently held by this court that there are but two cases, under our statute, in which a bill to remove a cloud from title can be maintained, viz., where the complainant is in possession of the premises, or where they are vacant or unoccupied. (*Gage* v. *Abbott,* 99 Ill. 366; *Glos* v. *Randolph,* 133 id. 197; *Glos* v. *Huey,* 181 id. 149; *Glos* v. *Beckman,* 183 id. 158; *Glos* v. *Kemp,* 192 id. 72.) This rule presupposes that the complainant seeking to have the cloud removed has title to the property, (*Hutchinson* v.

*Howe,* 100 Ill. 11; *Walker* v. *Converse,* 148 id. 622; *Glos* v. *Goodrich,* 175 id. 20;) although where the cloud sought to be removed is a tax deed, proof that the complainant, at the time of filing the bill, was in possession of the property, claiming in good faith to be the owner thereof under a deed purporting to convey the same to him, is sufficient proof of title. *Glos* v. *McKerlie,* 212 Ill. 632.

In the case at bar complainant was neither in possession of the lot, nor was it vacant and unoccupied. His only interest in the property was as the holder of a master's certificate of purchase, which did not purport to convey title and which was not color of title. *Lightcap* v. *Bradley,* 186 Ill. 510.

It is sought to sustain the decree of the superior court upon the authority of *Miller* v. *Cook,* 135 Ill. 190. That case, as originally brought, was not for the removal of a cloud from title, but was brought by the holder of a mortgage to enjoin the issuance of a tax deed on the ground that part of the taxes which formed the basis for the sale under which a right to deed was claimed had been paid, part were for an illegal and unconstitutional tax, and the remainder of the taxes had been tendered to the collector before sale. The court held that the mortgagee was entitled to an injunction, on the theory that to permit the tax deed to issue under such circumstances would constitute an irreparable injury, in that it would deprive the mortgagee of his security and would endanger his debt. During the pendency of the suit the mortgage was foreclosed, the mortgagee became the purchaser at the sale, and at the expiration of the period of redemption received a deed for the property. He then filed a supplemental bill setting up the fact that he was the owner and in possession of the premises, and that the tax sale and tax judgment constituted a cloud upon his title, and praying for the removal thereof. The relief sought by the supplemental bill was granted on the ground that there was equity in the original bill, and that, under the rule that "if the origi-

nal bill is sufficient for one kind of relief and facts afterwards occur which entitle the complainant to other and more extensive relief, he may have such relief by setting out the new matter in a supplemental bill," the court had power to decree the removal of the cloud from the title which had passed to the complainant during the pendency of the suit.

The bill in that case, however, originally invoked the aid of a court of equity upon well established grounds of equitable jurisdiction, other than that of removing a cloud from title, viz., it sought an injunction to prevent an irreparable injury to the complainant, and in such case the rule announced in the cases first above cited does not apply. *Booth* v. *Wiley,* 102 Ill. 84; *Phillips* v. *Kesterson,* 154 id. 572; *Glos* v. *Goodrich,* 175 id. 20; *Clay* v. *Hammond,* 199 id. 370.

In discussing and applying this exception to the general rule in the case of *Gage* v. *Parker,* 103 Ill. 528, where it was not shown that the complainant was in possession of the premises or that the same were vacant or unoccupied, it was said (p. 534) : "The object of the bill, as originally filed, was not to quiet title or remove a cloud, but to enjoin the execution and delivery of a deed upon an alleged void special assessment. The court, as a court of equity, acquired jurisdiction to grant the relief under this head, and the fact that an amendment was subsequently made to the bill, under which other relief was asked, did not deprive the court of jurisdiction to proceed and grant complete relief. It is a familiar rule in equity that where the court acquires jurisdiction for one purpose it may go on and do complete equity between the parties."

The sole purpose of the bill in the case at bar is to remove a cloud from title. No other ground of equitable cognizance is shown by the bill. The complainant did not acquire title or obtain possession prior to the entry of the decree in this cause. The case is therefore plainly distinguishable from that of *Miller* v. *Cook, supra,* and cannot be supported under the authority of that case.

Two other cases are cited by appellee. They are *Burton v. Perry,* 146 Ill. 71, and *Glos* v. *Evanston Building Ass.* 186 id. 586. Both are based upon *Miller* v. *Cook, supra,* and may be distinguished from the case at bar in the same way.

This being a case solely for the removal of a cloud from title, it was necessary, in order for the complainant to maintain his suit, that he allege and prove title in himself, and that the premises were in his possession or vacant and unoccupied. He failed to allege and prove these essential elements. The decree of the superior court will therefore be reversed and the cause will be remanded to that court, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*