### David H. Harts et al., Appellants, v. George H. Kimball, Appellee.

1. INJUNCTIONS—*what service will not support.* Service by publication will not sustain an injunction against a party so served.

2. BILLS TO REMOVE CLOUDS—*what not.* A cloud is a semblance of a title, either legal or equitable, or a claim to an interest in land appearing in some legal form, but which is in fact unfounded, or which it would be inequitable to enforce; *held,* that the contract in question in this case did not come within such definition, and service by publication was not sufficient to confer jurisdiction of the subject-matter thereof.

3. BILLS TO REMOVE CLOUDS—*what essential to maintain.* A bill to remove a cloud on title can only be maintained where at the time of the filing of the bill the complainant is in possession of the premises or where the same are vacant and unoccupied and the bill must allege such possession and the complainant must prove it.

Bill in equity. Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

DAVID H. HARTS, JR., for appellants.

BLINN & COVEY, for appellee; FRANK B. CARPENTER, of counsel.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill in equity to set aside a contract be-

tween the Lincoln Sand and Gravel Company, a cor-
poration, and one George H. Kimball, on the ground
of fraud. The bill was filed by David H. Harts and
Charles H. Johnson, as shareholders in said Lincoln
Sand and Gravel Company, which corporation, to-
gether with its officers, and directors, and one George
H. Kimball, are made defendants. The contract in
question provides for the payment of a royalty by said
company to said Kimball upon the output of said com-
pany from its gravel pits located on its lands in Broad-
well township, Logan county, Illinois, the consideration
expressed being the discovery by Kimball of the de-
posits of sand and gravel, prior to the organization
of said company, upon the lands afterwards purchased
and now owned by said company, and the disclosure
of said discovery to the persons who thereupon or-
ganized said defendant company and became its officers
and principal shareholders. The contract was executed
on or about June 5, 1905, and was filed for record in
the office of the Recorder of Logan county, Illinois, on
February 20, 1907. It contained a stipulation by which
said Lincoln Sand and Gravel Company undertook to
bind itself, and, in case said land should be sold, its
grantees and successors, to the payment of the specified
royalties.

The bill alleges fraud in the execution of said con-
tract, and prays that the same be set aside, and that
the company be enjoined from making payments under
the same, and that Kimball be enjoined from bringing
suit to enforce the same. The corporation and certain
of its officers were personally served with process; all
other defendants, including Kimball, were served by
publication and mailing according to statute, and the
defendant Kimball was also served by the delivery
to him at Detroit, Michigan, of a copy of the bill of
complaint and a notice of the commencement of suit
as provided by statute. Kimball thereupon entered a
limited appearance and filed a plea to the jurisdiction
of the court, claiming that he was a non-resident of
Illinois; that said suit in no manner affected real

estate in Logan county; that he had never been served with process and that the court had not jurisdiction of his person.

To this plea complainants replied, denying that the suit did not affect real estate in Logan county, and alleging that the contract sought to be set aside was a cloud upon the title to lands in said county described in the bill of complaint, and further denying that Kimball had not been served with process of the Circuit Court of Logan county, and averring that service had been had upon him at Detroit, Michigan, by the delivery to him of a copy of the bill and a notice of the commencement of suit, according to the statutes of Illinois.

The court upon hearing rendered a decree reciting that it appeared from the face of the bill that the proceeding was not *in rem*, but sought a personal decree against said Kimball; and finding that the court did not obtain jurisdiction of the person of said Kimball by service of a copy of the bill nor by publication, and decreed that the plea to the jurisdiction be sustained, and that as to him the bill of complaint be held for naught. From this decree the complainants have appealed, insisting that the chancellor erred in sustaining the plea.

It is admitted by complainants in argument that so far as the defendant Kimball is concerned they are not entitled to an injunction upon the service shown by the record. They do contend, however, that in so far as the bill prays for relief from the alleged fraudulent contract as a cloud upon the title to the land of the Sand and Gravel Company, such service is ample to confer upon the court full jurisdiction of the subject-matter, and to furnish sufficient foundation for a decree setting such contract aside; that in this aspect of the case the proceeding is one *in rem*.

The terms and provisions of the contract, so far as it is necessary to consider them, are as follows:

"The first party (the Sand and Gravel Company), shall pay to second party (Kimball), three cents per

cubic yard on the total amount of all merchantable sand or gravel excavated and sold by first party from the certain 318 acre tract of land located in Lincoln county, Illinois, the title of which said tract was acquired from Messrs. Frorer & Harts by E. W. Farwell, and by him deeded to first party in the month of February, 1905, and any other and additional 250 acres adjoining said 318 acres which said first party may hereafter acquire, so long as first party shall continue to excavate and sell sand and gravel from said tracts of land; and, in the event that first party shall sell or assign its interest in said tracts of land or any part thereof to another, first party agrees to obligate its grantee and his or their successors, heirs and assigns to assume and carry out the terms of this agreement in favor of second party."

The bill does not aver that the contract created a cloud upon the title to the land described in the bill, nor that any cloud existed, nor is it averred nor does it appear that any lien was declared or created by the contract. As we construe the instrument, the same is a mere personal covenant on the part of the company to pay the royalty mentioned, and that in case the land is sold, to bind its grantee and his or their successors to assume and carry out the terms of the contract so long as such grantee or successor shall continue to excavate gravel. A cloud is defined as a semblance of a title, either legal or equitable, or a claim to an interest in land appearing in some legal form, but which in fact is unfounded, or which it would be inequitable to enforce. Allott v. Am. Strawboard Co., 237 Ill. 55.

It seems manifest that the contract can in no way be construed as creating a cloud within the purview of the foregoing definition. Moreover, a bill to remove a cloud from title can only be maintained where, at the time of filing the bill, the complainant is in possession of the premises, or where the same are vacant and unoccupied, and the bill must allege such posses-

sion, and the complainant must prove it. Glos v. Kemp, 192 Ill. 72; Glos v. Kenealy, 220 Ill. 540.

The bill avers the possession of the land in question to be in the corporation. Even, therefore, if the contract could be properly held to be a cloud upon the title to the land mentioned therein, the corporation, and it only, could file a bill to remove the same. No such right exists in complainants by reason of their being shareholders in the corporation.

We are of opinion that the decree is proper and the same is affirmed.

*Affirmed.*