JERRY KENEALY, Appellee, vs. JACOB GLOS et al. Appellants.

Opinion filed June 16, 1909—Rehearing denied October 8, 1909.

1. RES JUDICATA—when decree dismissing bill to remove cloud is not res judicata. A decree dismissing a bill to cancel a tax deed as a cloud on title in accordance with a direction of the Supreme Court in a judgment of reversal based upon the ground that the complainant did not at that time have title or possession, is not res judicata such as bars a second bill between the same parties to set aside the same tax deed after plaintiff has perfected his title and obtained possession. (Gage v. Ewing, 114 Ill. 15, followed.)

2. PRACTICE—section 39 of the Chancery act and section 38 of the Evidence act must be construed together. Section 39 of the Chancery act and section 38 of the Evidence act must be construed together, and when so construed they mean that when a case is referred to the master to take evidence and report his conclusions or state an account the master must take all the evidence, including oral testimony, and if the oral testimony is properly reported by the master to the court it is taken "on the trial," within the meaning of section 38 of the Evidence act.

3. SAME—what is not a material departure from procedure in hearing chancery suit. The fact that the chancellor, after hearing part of the evidence in a proceeding to cancel a tax deed as a cloud, referred the case to a master to take the remainder of the evidence, after which the cause was heard in its entirety by the chancellor on the evidence reported and that previously heard, is not a substantial departure from proper procedure, where the master was not required to, and did not, report any conclusion, but merely the evidence in the form of questions and answers.

4. EVIDENCE—when record of former action is not admissible. Where pleas setting up a former proceeding as res judicata have been overruled and there is no issue of fact upon such question the record of such former proceeding is not admissible; but, the evidence being incompetent, it will be assumed, on appeal, that the chancellor disregarded it.

5. CLOUD ON TITLE—what is sufficient to enable party to maintain bill. One who is in possession of property claiming in good faith to be the owner thereof under a master's deed purporting to convey the title to him may maintain a bill to cancel a tax deed as a cloud upon his title.

6. TAX DEEDS—person in possession claiming ownership is entitled to notice. One who is in possession of land claiming to be the owner thereof at the time when the notice required by sec-

tion 216 of the Revenue act should be served, is entitled to notice whether he is or is not an owner of the premises within the meaning of such section.

7. SAME—*defendant should not be required to pay master's fees in absence of tender.* A decree canceling a tax deed as a cloud upon the complainant's title should not adjudge the master's fees against the defendants, where there is no proof that the complainant, before filing the bill, tendered the taxes, costs and interest or that the money therefor was paid into court.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JACOB GLOS, for himself; JOHN R. O'CONNOR, for other appellants.

MATTHEWS & KIMBELL, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Jerry Kenealy filed a bill against Jacob Glos and others to set aside a tax deed, alleging that the affidavit filed upon which said tax deed issued did not show a compliance with the statute in reference to the service of notice. The bill alleges that the complainant was the owner and in possession of lot 6, in block 82, in the subdivision made by the Calumet and Chicago Canal and Dock Company of parts of sections 5 and 6, township 37, north, range 15, east, in Cook county, Illinois; that he acquired title through a master's sale pursuant to a decree of foreclosure, from which no redemption had been made. It is alleged in the bill that these premises were sold on September 18, 1901, to Jacob Glos for the delinquent general taxes for the year 1900 and that a tax deed was issued in pursuance thereof to the said Jacob Glos. The averments in the bill as to the invalidity of the tax deed are supported by the evidence, and no question relating to that branch of the case is involved in this appeal. To the original bill Jacob Glos filed a plea supported by an answer. Subsequently, upon the

bill being amended, Jacob Glos filed a plea which was over-
ruled, and he elected to stand by his plea. The plea of
Jacob Glos alleged that in the former suit between the same
complainant and defendant to set aside the same tax deed,
complainant then being the holder of the certificate of sale
issued in the foreclosure proceeding, a decree was entered
in favor of complainant setting aside the tax deed involved
in this proceeding, which decree was subsequently reversed
by the Supreme Court and the cause remanded, with di-
rections to dismiss the bill for want of equity, and that
thereafter the mandate of the Supreme Court was filed in
the superior court of Cook county, and on November 3,
1906, an order was entered dismissing said bill for want
of equity. The original bill filed in the case now before
the court made no reference to the previous proceedings
set up in the plea. After the plea of Jacob Glos was filed,
accompanied by an answer setting out and relying upon
the former adjudication in bar of the present bill, and a
like plea, also coupled with an answer, having been filed
by Emma J. Glos, who was also joined as a defendant, the
complainant amended his bill setting out the previous pro-
ceedings, and alleged that the reversal of the former decree
by this court was without a consideration and determina-
tion of the merits of the controversy, and alleged that the
decree in the former proceedings was reversed solely be-
cause the complainant was not the owner of the premises
and held only a master's certificate of purchase at a fore-
closure sale, which was by this court held to give com-
plainant no standing in a court of equity to file a bill to
remove a cloud from title, and for the further reason that
this court held that the possession of a receiver during the
period of redemption was not such possession by or on
behalf of the holder of the certificate of purchase as to
enable him to maintain said bill. By the amended bill it
is averred that in the briefs filed in the original case on
behalf of Jacob and Emma J. Glos it was argued that until

the period of redemption should have expired "Mr. Kenealy should be directed by this court [the Supreme Court] to depart until his rights have matured, and the bill should be dismissed," and averred that upon this contention, alone, the Supreme Court reversed the decree of the superior court and remanded the cause, with directions to dismiss the bill for want of equity. These pleas were thereupon overruled. Clara L. Glos, August A. Timke and D. Arnold answered the bill, denying the material allegations and demanding strict proof. After replications to these answers were filed the hearing of the cause was entered upon in open court. After a portion of the evidence had been heard by the court, the court, upon its own motion but without objection by either party, referred the case to a master in chancery, before whom the remainder of the evidence was heard, and he reported to the court without any conclusions or recommendations. Thereafter the cause was heard before the same judge upon the evidence reported by the master, together with that previously heard by the court. On a final hearing in the court below the defendants' counsel offered in evidence the whole record containing the evidence offered in the prior case of *Kenealy* v. *Glos.* This evidence was offered and received by the court over the objection of complainant's counsel. The circuit court entered a final decree granting the relief prayed for in the bill. The case comes to this court upon the several appeals of Jacob Glos, Emma J. Glos, D. Arnold and August A. Timke.

The appellants' first and most serious contention is that the decree of dismissal of the original bill is *res judicata.* When the suit set up in the pleas was before this court, (*Glos* v. *Kenealy,* 220 Ill. 540,) after stating facts, this court, on page 541, said: "It has been frequently held by this court that there are but two cases, under our statute, in which a bill to remove a cloud from title can be maintained, viz., where the complainant is in possession of the premises or where they are vacant or unoccupied. (*Gage*

v. *Abbott,* 99 Ill. 366; *Glos* v. *Randolph,* 133 id. 197; *Glos* v. *Huey,* 181 id. 149; *Glos* v. *Beckman,* 183 id. 158; *Glos* v. *Kemp,* 192 id. 72.) This rule presupposes that the complainant seeking to have the cloud removed has title to the property, (*Hutchinson* v. *Howe,* 100 Ill. 11; *Walker* v. *Converse,* 148 id. 622; *Glos* v. *Goodrich,* 175 id. 20;) although where the cloud sought to be removed is a tax deed, proof that the complainant, at the time of filing the bill, was in possession of the property, claiming in good faith to be the owner thereof under a deed purporting to convey the same to him, is sufficient proof of title. (*Glos* v. *McKerlie,* 212 Ill. 632.) In the case at bar complainant was neither in possession of the lot nor was it vacant and unoccupied. His only interest in the property was as the holder of a master's certificate of purchase, which did not purport to convey title and which was not color of title.—*Lightcap* v. *Bradley,* 186 Ill. 510."

It will thus be seen that the decree was reversed because appellee at that time had neither title nor possession. The cause of the dismissal was the absence from the bill of the allegation of ownership and an averment that the appellee was in the possession of the premises or that they were vacant and unoccupied. The effect of that decree was an adjudication that appellee was not then entitled to maintain his bill. At that time appellee did not have the legal title and it could not be known that redemption would not be made, thereby preventing the possibility that title would ever vest under the master's sale. Appellants' right to maintain a bill after appellee was clothed with the legal title to the possession of the premises was neither presented nor considered in the proceedings set out in the pleas.

The case, on the question now being considered, is, in our opinion, controlled by *Gage* v. *Ewing,* 114 Ill. 15. In that case a bill was filed to remove two tax deeds. To this bill a plea was filed setting up the dismissal, for want of equity, of a former bill by the same complainant against the

grantor of the defendant. The reason for dismissing the first bill was, that it did not contain an allegation that the complainant was in possession or that the premises were vacant and unoccupied. The second bill contained the allegation the absence of which caused the dismissal of the first. In disposing of the question presented by the plea, this court, on page 18, said: "It appears that in this bill there is an allegation that the premises are unimproved and unoccupied, while in the bill set up in the second plea that allegation is wholly wanting; and the only question discussed upon this record is whether, in the absence of that allegation, the suit set up in the second plea is a bar to the present suit. Our answer must be in the negative. When the suit set up in the second plea was before us, (*Gage* v. *Abbott,* 99 Ill. 366,) we held that because the bill failed to show that the complainant was in possession or that the premises were unimproved and unoccupied, the decree of the circuit court granting the relief prayed for was erroneous; that one or the other of these allegations was essential to give the court jurisdiction. That bill not having been subsequently amended but dismissed in conformity with our ruling, the decree therein cannot be urged in bar of the relief sought by this bill. It contains the precise allegation because of the absence of which that bill was held to be defective. The dismissal of a bill because of some defect precluding relief is no bar to a second bill in which such defect is cured, notwithstanding in other respects the material allegations are the same.—*Emory* v. *Keighan,* 88 Ill. 516; 1 Daniell's Ch. Pr. (Perkins' ed.) 660."

Proof of title in appellee could not have been presented in the former case because the facts did not then exist, and the same is true in regard to possession. The present suit is based upon rights acquired by appellee since the former proceeding was disposed of.

The appellants rely on *Tilley* v. *Bridges,* 105 Ill. 336, *Knowlton* v. *Hanbury,* 117 id. 471, and *Bradish* v. *Grant,*

119 id. 606. In the case of *Tilley* v. *Bridges* a bill was filed by a purchaser at an administrator's sale to set aside said sale on the ground that a mistake had been made in the description of the property in the petition and decree. This bill was dismissed upon a hearing for want of equity. The second bill was filed by the purchaser to recover the purchase money, taxes paid and the value of improvements made, basing his bill upon the same mistake which had been alleged in the first bill. This court held that the question as to the alleged mistake having been once litigated and determined, the judgment was, on the principle of estoppel by verdict, conclusive of that question in all subsequent litigation between the same parties, whether concerning the same or other and different causes of action. That case is not applicable to the situation presented by this record. An adjudication that appellee had no such title or possession as was required to maintain the bill is not a determination of any fact that will estop appellee from setting up a title and possession subsequently acquired, even though in other respects the averments of the bills are substantially the same.

In the case of *Knowlton* v. *Hanbury* a bill was filed in the United States circuit court for the purpose of rescinding, because of fraud and misrepresentation, a contract by which Knowlton exchanged certain real estate in Chicago for twenty-seven vacant lots belonging to Hanbury, located in Clarendón Hills, Mass. Upon a hearing in the United States court that bill was dismissed. Subsequently, Hanbury filed a bill in the State court against Knowlton to enjoin him from conveying the Chicago lots. Knowlton filed a cross-bill, making the same allegations as to fraud and misrepresentation that he had made in his bill in the United States circuit court. To this cross-bill Hanbury filed a plea setting out in detail the proceedings that were had in the United States circuit court. The plea was sustained and the cross-bill dismissed. This court held that

the plea presented a good defense to the cross-bill. That case is wholly unlike the one at bar. There the cross-bill was founded upon a state of facts·which had been passed upon by a court of competent jurisdiction, and the decree was therefore *res judicata* of that question between the parties.

The case of *Bradish* v. *Grant* was an action of ejectment. On the trial the defendant sought to impeach a decree in chancery against him by proving that there was no service on him in the chancery suit and that his appearance had been entered by an attorney fraudulently and without authority. This evidence was rejected. It appeared that the defendant had previously filed a bill for the purpose of impeaching the decree on the same ground on which he sought to avoid its effect in the trial of the ejectment case, and this court held that the decree against him in the chancery suit, filed for the purpose of impeaching the former decree, was a bar, and that the court below properly refused to hear the evidence offered.

In all of these cases the right of action was predicated upon a state of facts which had been previously presented and determined, while in the case at bar the facts upon which appellee's cause of action depends had no existence at the time of the former proceeding, and could not, for that reason, have been determined therein. In this respect the case at bar is like *Hawley* v. *Simons,* 102 Ill. 115, where it was held that a judgment in ejectment against the plaintiff was not a bar to a similar suit between the same parties, where the plaintiff relied upon a subsequently acquired title; and *Cochran* v. *Fogler,* 116 Ill. 194, where this court decided that an adverse judgment against the plaintiff in an action of forcible detainer, brought by a purchaser at a foreclosure sale without complying with the conditions of the decree, was no bar to an application for a writ of assistance after the plaintiff had complied with the decree and perfected his title. The general rule is, that

a judgment or decree of a court of competent jurisdiction is conclusive between the parties and their privies, not only as to all matters that were, in fact, determined, but as to all matters which might have been determined in the proceeding as well. (*Thompson* v. *Hemenway,* 218 Ill. 46.) This rule is founded upon two maxims of the common law, one of which is that a man should not be twice vexed for the same cause, and the other is that it is for the public good that litigation should be terminated. There are two well defined branches of this rule: (*a*) Where the rule is invoked in respect to a cause of action which has been once finally determined on its merits by a court of competent jurisdiction. To sustain a plea under this branch of the rule it is necessary that there should be an identity of parties, of subject matter and cause of action. (*Baldwin* v. *Hanecy,* 204 Ill. 281.) (*b*) Where the rule is invoked in respect to some fact once in issue and authoritatively determined between the same parties. The latter branch of the rule is generally designated as estoppel by a verdict. (*Riverside Co.* v. *Townshend,* 120 Ill. 9; *Wright* v. *Griffey,* 147 id. 496.) It is not essential to the application of the doctrine of estoppel by a verdict that there should be identity of cause of action or subject matter. The whole philosophy of the doctrine of *res judicata* may be summed up in the statement that a matter once decided, whether right or wrong, must remain decided unless reversed in a direct proceeding for that purpose. This rule in neither aspect can have any application to the case before us.

Appellants' next contention relates to the method of procedure. It is insisted that the court erred in basing the decree partly on evidence heard by the court and partly on evidence taken and reported by the master. Section 39 of chapter 22, Hurd's Revised Statutes of 1908, provides that the court may, "upon default, or upon issue being joined, refer the cause to a master in chancery or special com-

missioner, to take and report evidence, with or without his conclusions thereupon." Section 38 of chapter 51 of Hurd's Revised Statutes provides that "on the trial of every suit in chancery, oral testimony shall be taken when desired by either party." These two sections of the statute must be construed together. When so construed they mean that when a cause is referred to a master in chancery to take the evidence and report his conclusions or state an account he must take all of the evidence; and this is true whether the evidence is in the form of depositions or documents, or is to be detailed orally by the witnesses introduced before him. The right of a party to introduce oral evidence on the trial is secured to him by giving him the privilege of offering such oral evidence before the master in cases which have been referred to him, and when such evidence is thus introduced and afterwards properly reported by the master to the court, it is, in the language of section 38 of chapter 51, *supra,* taken "on the trial." Thus construed, both sections are consistent and the benefits of a reference to a master are preserved. *Prince* v. *Cutler,* 69 Ill. 267; *Cox* v. *Pierce,* 120 id. 556; *Brueggestradt* v. *Ludwig,* 184 id. 24.

The method of procedure in the case at bar did not violate, except in an immaterial particular hereinafter pointed out, the established rules of procedure. This case was heard in its entirety before the court. It is true that a part of the evidence was taken, in the first instance, before the master, but this evidence was submitted to the court in the form of questions and answers reported by the master. If the reference had been made before any evidence was taken, the proper practice would have been for the parties to submit all of their evidence before the master; but since the court had already heard a part of the testimony before the reference was made, the reference was only for the purpose of taking and reporting the evidence that had not previously been heard by the court. If the reference had

been for the purpose of taking the evidence and reporting his conclusions thereon, it would, no doubt, have become necessary for the master to re-take that part of the evidence that had been heard by the court; but inasmuch as the master was not required to draw any conclusions or make any recommendations, it would have been a waste of time and money to re-take and report to the court evidence which the court had already heard.

A court of chancery may, in its discretion, hear all of the evidence on one question or branch of a case and then refer the case to a master to take and report the evidence upon other questions involved. This is a common and well established practice in bills for accounting between partners. The court hears the preliminary evidence and determines whether there ought to be an accounting, and if it be determined that an accounting should be had, it is the usual practice to then refer the case to a master to take the evidence and state the account. This practice has been approved by this court. (*McGillis* v. *Hogan,* 190 Ill. 176.) When the case was referred to the master to take and report the evidence without any limitations in the reference, the parties were not required to introduce all of the remaining evidence before the master. The pleas setting up the former adjudication had been overruled. This was equivalent to sustaining a demurrer at law. There was, therefore, no issue of fact before the court to which the evidence was pertinent. This evidence being incompetent it must be assumed that the court disregarded it.

Appellants contend, in the next place, that the court erred in finding that Fred Seip was the owner of the premises described in the bill of complaint and that he was entitled to be served with notice of the expiration of the time of redemption. This point is, in our opinion, immaterial. Appellee does not claim title through Fred Seip, although his name appears as one of a chain of *mesne* conveyances. The appellee was in possession of the property

claiming in good faith to be the owner thereof under a master's deed purporting to convey to him the title, and this is sufficient to enable him to maintain a bill to remove a tax deed as a cloud upon his title. (*Glos* v. *McKerlie,* 212 Ill. 632; *Glos* v. *Kenealy, supra.*) The undisputed evidence shows that Fred Seip was in possession claiming to be the owner when the notice should have been served. This made it necessary that notice be served upon him, under section 216 of the Revenue law, whether he was in possession as owner or otherwise. The evidence shows that no notice was served upon Mr. Seip. We do not find it necessary to determine the question whether Fred Seip was the owner of these premises, within the meaning of section 216 of the Revenue law, so as to entitle him to notice as such owner, because, whether he was the owner or not, he was in the actual possession and entitled to notice and no notice was served upon him.

It is finally contended by the appellants that the court erred in adjudging the master's fees, amounting to $23.10, against appellants. In this we think the court erred. There was no proof that appellee made a tender of the amount of taxes and costs, with the interest thereon, before the filing of this bill, nor was the money due appellants paid into court. The rule has been established in cases of this character, that where the owner desires to place the holder of a tax title in the wrong, so as to relieve himself from the payment of costs, he should, where it is practicable to do so, make a tender of the taxes, costs and interest before filing his bill and keep such tender good by bringing the money into court, and if he fails in these requirements it is error to decree costs against the defendant. *Cotes* v. *Rohrbeck,* 139 Ill. 532; *Gage* v. *Goudy,* 141 id. 215; *Glos* v. *O'Brien Lumber Co.* 183 id. 211; *Bauer* v. *Glos,* 236 id. 450.

For the error in decreeing this cost against appellants the decree of the circuit court is reversed and the cause

remanded, with directions to modify the decree so as to require appellee to pay the master's fees. In all other respects the decree is affirmed.

*Reversed in part and remanded, with directions.*