LOUIS WARSHAWSKY, Appellee, *vs.* JACOB GLOS *et al.*
Appellants.

*Opinion filed October 25, 1911.*

1. CLOUD ON TITLE—*prima facie title in a complainant is suffi-cient unless overcome by proof.* In a proceeding to cancel a tax deed as a cloud on complainant's title, proof that the complainant, at the time of filing the bill, was in possession of the property claiming in good faith to be the owner thereof under a deed pur-porting to convey the same to him, is sufficient proof of title un-less overcome by other evidence.

2. SAME—*complainant not required to show title in his grantor.* Where the defendant to a bill to cancel a tax deed as a cloud of-fers no evidence the complainant is not required to prove that his grantor had title, and hence the fact that the trust deed to his grantor, offered in evidence by complainant, did not include the premises which the grantor afterward conveyed to complainant is not sufficient to show that the grantor did not have any title to the land he conveyed. (*Glos v. Greiner,* 226 Ill. 546, distinguished.)

3. SAME—*to charge the defendant with costs the complainant must make tender before filing bill.* In order to charge the holder of a tax deed with the costs of a proceeding to cancel such deed as a cloud on title the complainant must make a tender before fil-ing the bill and keep the tender good.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

WILLIAM A. ADAMS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a bill in chancery filed by the appellee, Louis Warshawsky, in the circuit court of Cook county, at the December term, 1908, against appellants, Jacob Glos, Emma J. Glos and A. A. Timke, and unknown owners, to cancel and set aside as a cloud upon his title a tax deed to sub-lot 1 of lot 1, block 62, in Canal Trustees' subdivision of blocks in the north-west quarter of section 21, township 39, range 14, east of the third principal meridian, situated in

the city of Chicago, which had been issued to Jacob Glos. Answers were filed by appellants, and the cause was referred to a master in chancery to take the proof and report his conclusions as to the law and the facts. The master took the proof and filed his report, in which he found that the tax deed was void and recommended that it be canceled and set aside as a cloud upon appellee's title. Objections were filed to the report, but no one appeared before the master for appellants, or either of them, to argue their objections, and the master added to his report that the answers filed by appellants were not made in good faith but were made for the purpose of delay, and he recommended that one-half the costs, $26.40, be taxed against appellants and that the answers and objections to said report be dismissed. The objections made to the report before the master were renewed as exceptions before the chancellor, and by leave of court additional exceptions were filed to that part of the report finding the answers were not filed in good faith and recommending that one-half the costs be taxed to appellants. The exceptions were overruled and a decree entered in accordance with the recommendation of the master. To reverse that decree Jacob Glos, Emma J. Glos and A. A. Timke have prosecuted an appeal to this court.

The errors relied on for reversal are, (1) that there was no competent evidence to show that complainant was the owner of or in the possession of the premises described in the bill; (2) that there was no competent evidence that notice was not served, as required by the Revenue law, of the expiration of the time of redemption; and (3) that one-half of the costs was erroneously taxed against the appellants.

To prove his title to the premises appellee introduced in evidence a trust deed from Walter D. Wilcox and Annie A. Wilcox to D. B. Lyman and Huntington W. Jackson, trustees, conveying a number of tracts of land; a warranty deed from D. B. Lyman, the sole surviving trustee, convey-

ing the premises in question to appellee; a certified copy of a quit-claim deed from Walter D. Wilcox and Nanna Lawson Wilcox, his wife, to appellee; also a certified copy of a quit-claim deed from Aline Halsted and Albert Halsted, Sarah A. Whittemore and William C. Whittemore, conveying said premises to appellee.

It is insisted the trust deed from Walter D. Wilcox and Annie A. Wilcox to Lyman and Jackson did not include the premises in question, hence no title to these premises was conveyed by that deed, and that since no title was conveyed to Lyman and Jackson by this deed, Lyman, as sole surviving trustee, could convey none to appellee. Appellee was not required to prove title in his grantor. In cases of this character, to sustain his allegation of title it is only necessary for complainant to prove that at the time of filing the bill he was in possession of the property claiming in good faith to be the owner thereof under a deed purporting to convey the same to him. This makes a *prima facie* case of title unless overcome by proof to the contrary. Here appellants offered no evidence and there is no proof in the record contradicting appellee's *prima facie* case. (*Glos* v. *Kenealy,* 220 Ill. 540; *Towle* v. *Quante,* 246 id. 568; *Glos* v. *Ault,* 221 id. 562.) This case is unlike *Glos* v. *Greiner,* 226 Ill. 546, relied upon by the appellants. In that case the proof showed the complainant's grantors had conveyed their title to another grantee before making the conveyance through which the complainant claimed title. Here, if, as insisted by appellants, the trust deed to Lyman and Jackson did not include the premises in controversy, it does not appear that Lyman had no title when he made the deed to complainant.

The introduction of the certified copies of quit-claim deeds to appellee was unnecessary and did not add to appellee's proof. Under this view of the case it will be unnecessary to pass upon the question raised by appellants whether they were properly admitted in evidence.

The proof sustains the finding of the decree that appellee was in possession of the premises, claiming to be the owner thereof, when he filed the bill, and had been continuously from the time he acquired the conveyance from Lyman, in 1903, and that no notice was given him of the expiration of the time for redemption.

Appellants contend that the court erred in decreeing part of the costs against them. No tender of the amount due the holder of the tax deed was made before the bill was filed. In his bill complainant alleges he is ready and willing and offers to pay to defendants, or the party interested, the taxes, penalties and costs paid, as equity may require. Under these conditions it is claimed the costs should have all been decreed against appellee. Appellants had no interest in the premises except by virtue of the deed of the county clerk to Jacob Glos. He purchased the premises on October 20, 1905, at a sale for the non-payment of a special assessment, and paid therefor $37.27. There was no redemption from this sale, and a deed was issued to Jacob Glos by the county clerk September 24, 1908. No notice was given to appellee of the expiration of the time of redemption from this sale, as is required by statute, and the decree properly found that the deed to Jacob Glos was void. The master reported that appellants offered no evidence to show the amount due by reason of said tax sale and deed issued in pursuance thereof; that they failed to appear promptly when the case was on hearing before him and failed to appear and support their objections to the master's report, and the master's conclusion was that the answers of appellants were not filed in good faith but for the purpose of delay, simply, and he recommended that one-half of the costs be taxed against appellants. The decree ordered that appellants pay one-half the costs, said one-half being $26.40. This, we think, was erroneous. We find nothing in the record that in our opinion authorized

the taxing of these costs to appellants. If appellee had wished to relieve himself of costs he should have made a tender before filing his bill and kept the tender good. *Gage v. Goudy,* 141 Ill. 215.

The decree will be modified by reversing the order taxing costs below to appellants, but in all other respects the decree is affirmed. The costs of this appeal will be taxed one-half to appellants and one-half to appellee.

*Decree modified and affirmed.*