(No. 13033.—Reversed and remanded.)
GRACE A. HOGAN, Appellee, vs. S. MASON MEEK, Appellant.

*Opinion filed April 21, 1920.*

1. CLOUD ON TITLE—*what makes prima facie case of title.* Proof by the complainant of possession and payment of taxes for more than seven years under a deed purporting to convey title is sufficient to make out a *prima facie* case of title.

2. SAME—*when the complainant should reimburse holder of tax deeds.* The complainant in a suit to quiet title by setting aside tax deeds should reimburse the holder of the tax deeds for his expenses in securing the deeds and in payment of taxes and proper expenditures as provided by law, where the descriptions in the tax deeds are sufficiently definite to constitute a cloud upon the title.

3. SAME—*when costs should not be taxed against defendant in suit to set aside tax deeds.* A decree ordering the removal of tax deeds as clouds upon the title should not tax the costs against the holder of said deeds, where there has been no tender by the complainant of a specific sum to pay the defendant the amount of the judgment for taxes, interest and costs.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

EDWARD H. KUBITZ, for appellant.

ROBERT E. HOGAN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee filed her bill in the circuit court of Lake county to quiet title to certain land described in the bill. The bill as amended avers title in the appellee by a chain of title from the United States government through *mesne* conveyances and by the deed of her immediate grantors, Alfred K. Hamilton and Phœbe A. Hamilton, his wife, September 25, 1895, under which appellee took possession and paid the taxes since that time. The bill alleges that appellant claims title to some portion of the land in question by virtue of three tax deeds originally issued to persons other than appellant, and that he became possessed of the rights under

said tax deeds by *mesne* conveyances. Appellant denies title in appellee and avers that she has no interest in the premises described in the amended bill; denies possession of the premises by appellee and avers that appellant has been in the possession of the premises to the knowledge of appellee; that appellant has caused the premises in dispute to be fenced and platted and has leased the same and paid taxes thereon. The proof does not show possession and fencing by appellant. The chancellor found that appellee had title to the premises in question by a chain of title from the United States government, as alleged in the amended bill of complaint; that legal tender had been made, as required by law, by the appellee prior to filing the bill; that the tax deeds and conveyance thereunder should be removed as clouds upon appellee's title, and costs were taxed against appellant.

. Appellant contends that the chancellor erred in finding title to the premises in the appellee and in assessing costs against appellant. He also complains of the decree, in that it did not order appellee to reimburse appellant for moneys expended in securing tax deeds and for subsequent taxes paid on the property, with interest.

While the proof does not sustain the averment that appellee has a chain of title from the government, it is evident from an examination of the evidence that she has good title to the premises under the deed of her grantors and possession for more than seven years under color of title and payment of taxes, as alleged in the bill as amended. This is all that is required to make out a *prima facie* case of title. *Warshawsky v. Glos,* 251 Ill. 377; *Judson v. Glos,* 249 id. 82.

Appellant's three tax deeds purport to convey parts of the lands described in the amended bill, and while the descriptions in these tax deeds are uncertain in many respects, they do apply to portions of the land described in the amended bill of complaint, and we are of the opinion that

the record sustains the finding of the chancellor that these deeds are clouds on the title of appellee and that he properly set them aside as far as they affected that title.

Appellee contends that the descriptions contained in these deeds are so indefinite that no land could be located by them, and that therefore appellant is not entitled to any payment of money expended in taxes and in securing these tax deeds, and the chancellor, in accordance with that contention, refused to order appellee to reimburse appellant. Appellee filed her bill to remove these tax deeds as clouds upon her title. If they are sufficiently definite to constitute clouds upon her title they are sufficiently definite to warrant reimbursement, and she cannot be heard to say that she should not reimburse the holder of such tax deeds, as required by section 224 of chapter 120 of the Revised Statutes. That section provides that any judgment or decree of court setting aside any tax deed procured under the Revenue act shall provide that the claimant shall pay to the party holding such tax deed all taxes and legal costs, together with all penalties provided by law, which the holder has properly paid in procuring such deed, before such claimant shall have the benefit of a decree removing such deed as a cloud, and the circuit court therefore erred in decreeing that the tax deeds be removed as clouds upon the title of appellee's premises without such payment to appellant. *Kuhn* v. *Glos,* 257 Ill. 289.

The circuit court also erred in taxing costs against the appellant. The record does not show a tender of the money due him before the bill was filed. The record does show that in the course of the trial, after the hearing of the evidence had begun, counsel for appellee stated to the master that she desired to tender the amount of the judgment for taxes, together with interest thereon at five per cent. Under the law a tender must be made of a specific sum before the filing of the bill and must be kept good. (*Kenealy* v. *Glos,* 241 Ill. 15.) Appellee not having made a tender of

the amount due appellant, as required by law, must pay the costs. The decree removing the tax deeds as clouds on the title of appellee's premises should also have provided that appellee pay to appellant his proper expenditures and charges, as provided by law.

The decree is therefore reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*